IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **CATHERINE A. DEHAVEN,** and **SOMPHOT A. JANSAWANG,** Plaintiffs, v. **BANK OF AMERICA, N.A.,** Defendant. | Civil Action No. 3:15cv0026 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Bank of America, N.A. (the "Bank"), by counsel, submits this memorandum in support of its Motion to Dismiss the Complaint.

Plaintiffs' sole count for breach of contract fails to state a claim because Plaintiffs do not allege any facts that causally connect their alleged damages with the alleged breach. This manifest pleading deficiency requires dismissal of the Complaint. Furthermore, Plaintiffs' request for a declaratory judgment voiding a foreclosure sale that has already occurred fails because declaratory judgments cannot award retroactive relief. As Plaintiffs' allegations do not state viable claims, the Bank respectfully asks this Court grant its Motion to Dismiss.

# FACTUAL ALLEGATIONS[1]

In 2008, Plaintiffs borrowed $108,000 to finance the purchase of their home that was secured by a note and deed of trust. Compl. ¶¶ 7-8. Plaintiffs allege that the note and deed of trust were subsequently transferred and assigned to the Bank. Compl. ¶ 7.

The standard deed of trust for Virginia loans insured by the Federal Housing Administration ("FHA") states that "Lender may, except as limited by regulations issued by the Secretary [of Housing and Urban Development], in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument . . ." Compl. ¶ 12. It also states that "[i]n many circumstances regulations issued by the Secretary will limit [the] [l]ender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid." Compl. ¶ 13 (emphasis omitted). It further provides that the "Security Instrument does not authorize acceleration or foreclosure if not permitted by the regulations of the Secretary." Compl. ¶ 13.

Plaintiffs contend that Housing and Urban Development ("HUD") regulation 24 C.F.R. § 203.604 (the "HUD Regulation"), requires a face-to-face meeting, or a reasonable attempt to arrange such a meeting, within 30 days after the borrower's default and at least 30 days before a foreclosure is commenced. Compl. ¶ 14. "A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor . . . [and] shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch of either, or it is known that the mortgagor is not residing in the mortgaged property." 24 C.F.R. § 203.604(5)(d). The purpose of the face-to-face meeting is to reduce and prevent foreclosures by

---

[1] Plaintiffs' allegations in the Complaint are accepted as true solely for purposes of this Motion.

"'providing an environment in which the "mortgagee employee can often determine the cause of the default, obtain financial information[,] establish a repayment schedule[,] and prevent foreclosure by influencing the payment habits of mortgagors."'" Compl. ¶ 17 (*Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 517 (2014) (quoting U.S. Dep't of Hous. &Urban Dev., Handbook 4330.1 Rev-5: Admin. of Insured Mortg. § 7-7(C)(1) (1994)).

Plaintiffs defaulted on their obligations under the note and deed of trust. Compl. ¶ 18. Plaintiffs aver that after their default, but prior to the foreclosure, they received a letter from National Creditors Connection, Inc. ("NCCI"), indicating that NCCI had contracted with the Bank to make contact with them regarding a field visit. Compl. ¶¶ 21-23. Plaintiffs contend that the NCCI representative sought to obtain documents from them to provide to the Bank, and to encourage Plaintiffs to contact the Bank. Compl. ¶¶ 23, 26. Plaintiffs also allege that NCCI's representatives do not receive loss mitigation training and that the purpose of the field visit was not to provide loss mitigation services. Compl. ¶¶ 22-24.

The crux of Plaintiffs' claim is that even though Plaintiffs received a letter and an in-person visit to their property after their default and before foreclosure, those efforts fell short of what is required by the HUD Regulation, and therefore breach the deed of trust, because the letter was sent and the visit was performed by an agent of the Bank without loss mitigation training. Compl. ¶¶ 21-28. Although not alleged as a separate count, Plaintiffs also ask the Court for a declaration that the foreclosure sale was void, or in the alternative voidable, and to impose a constructive trust so that Plaintiffs' home may be deeded back to them. Compl. ¶¶ 39, 46.

Based on these allegations, Plaintiffs aver a single cause of action against the Bank for breach of contract. Specifically, Plaintiffs allege that the Bank breached the deed of trust

because its agent – not a Bank employee – made a trip to Plaintiffs' property, but did not intend during the meeting to provide loss mitigation services to Plaintiffs. As a result of this alleged breach, Plaintiffs claim that they suffered damages from the foreclosure of their property, including lost equity (present and future) in the property, damage to their credit, future moving expenses, future rent, and expenses and costs from the foreclosure. Compl. ¶ 29. However, Plaintiffs allege no facts showing how the alleged breach caused these damages.

Plaintiffs also purport to represent a class of persons who owned real property in Virginia with a mortgage loan on or after January 10, 2010, insured by the FHA, with a pre-foreclosure value exceeding $75,000, upon which the Bank foreclosed as the beneficiary of the deed of trust.[2] Compl. ¶ 32.

## ARGUMENT

Plaintiffs' Complaint fails to state a claim upon which relief may be granted because Plaintiffs do not allege a causal connection between the Bank's alleged breach and the damages purportedly suffered by Plaintiffs. Further, because Plaintiffs' foreclosure sale has already occurred, the request for a declaratory judgment voiding it is untimely and cannot be granted.

**I.  Standard of Review**

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief'" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) imposes a "plausibility standard" which requires factual allegations showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] The Bank is contemporaneously filing a Motion to Strike Plaintiffs' Class Allegations, accompanied by a supporting Memorandum.

This requirement has teeth. The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Well-pleaded factual allegations are presumed true when considering a Rule 12(b)(6) motion, but legal conclusions are not. *Id.* Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a plausible claim because such allegations fail to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While the Court must take all factual allegations made in a complaint as true, those "[f]actual allegations must be enough *to raise a right to relief above the speculative level* . . . on the assumption that all of the allegations in the complaint are true." *Twombly,* 550 U.S. at 555 (emphasis added). To survive a Rule 12(b)(6) motion, a complaint must state the "'grounds' of [the claimant's] 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted); *see also Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008) (complaint must "allege 'enough facts to state a claim for relief that is *plausible* on its face'") (emphasis in original) (quoting *Twombly,* 554 U.S. at 570). A court "'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (citation omitted).

**II. Plaintiffs' allegations fail to state a viable breach of contract claim.**

The allegations in the Complaint fall short of what is required to state a breach of contract claim against the Bank under Virginia law, and therefore the Court should grant the Motion to Dismiss.

To state a breach of contract claim under Virginia law, a plaintiff must allege (1) a legally enforceable obligation of a defendant to a plaintiff; (2) breach of that obligation; and (3) an injury or damage to plaintiff proximately caused by the breach. *See Filak v. George*, 267 Va.

5

612, 619, 594 S.E.2d 610, 614 (Va. 2004). "Proof of actual damages is an essential element of a breach of contract claim." *Rogers v. Deane*, 992 F. Supp. 2d 621, 629 (E.D. Va. 2014). To recover on a breach of contract claim, a plaintiff must establish "that the breaches are the cause of actual damages sustained by plaintiffs[,] and that those damages are recoverable under Virginia law." *Carley Capital Grp. v. City of Newport News,* 709 F. Supp. 1387, 1396 (E.D. Va. 1989); *see also Haass & Broyles Excavators, Inc. v. Ramey Bros. Excavating Co.*, 233 Va. 231, 235-36, 355 S.E.2d 312, 315 (Va. 1987) (holding that the plaintiff "bears the burden of establishing a causal connection between the defendant's breach and the damages claimed"). Thus, to survive this motion to dismiss, Plaintiffs must plead that the Bank's alleged conduct *caused injury* to them. *See id*.

Glaringly absent from the Complaint, however, is *any* allegation that causally connects the Bank's alleged breach with Plaintiffs' purported damages. Plaintiffs admittedly defaulted on their obligations under the deed of trust and subsequently received a letter from NCCI regarding a field visit. Compl. ¶¶ 18, 21-23. Notably, there are no allegations that, had a Bank employee (instead of a Bank agent) visited Plaintiffs' home and undertaken loss mitigation services, that Plaintiffs would have cured the default and avoided foreclosure. In other words, the Complaint lacks allegations that, if true, would demonstrate that the damages Plaintiffs allegedly suffered were proximately caused by the Bank's conduct, as opposed to some other reason, including Plaintiffs' default on their obligations under deed of trust.

A recent decision by this Court underscores the need to establish "'a causal connection between the defendant's wrongful conduct and the damages asserted.'" *Covarrubias v. CitiMortgage, Inc.*, No. 3:14-CV-157, 2014 WL 6968035, at *2 (E.D. Va. Dec. 8, 2014) (Gibney, J.) (quoting *Saks Fifth Ave., Inc. v. James, Ltd.,* 272 Va. 177, 189, 630 S.E.2d 304, 311

6

(Va. 2006)). In *Covarrubias*, the borrower brought a breach of contract claim against the lender claiming that it failed to comply with the HUD Regulation. *Id*. This Court concluded that the plaintiff's own actions, including her failure to seek employment, illegal drug use, and failure to make a $150 payment caused the foreclosure and resulting damages, not the conduct of the lender. *Id.* at 3. Likewise, in *Rourk v. Bank of America National Association*, the United States District Court for the Middle District of Georgia (later affirmed by the United States Court of Appeals for the Eleventh Circuit) held the plaintiff's failure to make payments for nearly two years caused the borrower's default status and foreclosure, such that "even if the [p]laintiff had demonstrated that the [d]efendant failed to make a reasonable effort to arrange a face-to-face meeting with her, she had not established that such a failure caused her any damages." Case No. 4:12-CV-42, 2013 U.S. Dist. LEXIS 147373, at *15 (M.D. Ga. Oct. 11, 2013), *aff'd,* 587 F. App'x 597 (11th Cir. 2014).

While *Covarrubias* and *Rourk* were decided on summary judgment, they nonetheless demonstrate that a plaintiff must plead and ultimately prove *each element* of a breach of contract claim, including the third element, injury or damage to plaintiff proximately caused by the breach. *See id; Covarrubias*, 2014 WL 6968035, at *2; *Filak*, 267 Va. at 614. Plaintiffs have not even made an attempt to plead this element, even in a conclusory fashion. Because the Complaint lacks well-pleaded factual allegations that, if true, could establish injury or damage to Plaintiffs proximately caused by the Bank's alleged breach, the Court should grant the Motion to Dismiss. *See id.; see also Wise v. Vilsack*, 496 F. App'x. 283 (4th Cir. 2012) (affirming dismissal of complaint for failure to allege well-pleaded factual allegations for each of the requisite elements necessary to state a claim); *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 423 (Va. 2012) (holding that "proof of damages is an essential element [of a breach of

contract claim] and a plaintiff's failure to prove it requires that the action be dismissed"); *Carley Capital Grp.*, 709 F. Supp. at 1396 (holding that causation and damages are essential elements that must be proved in order to recover for breach of contract and entering judgment in defendant's favor).

To be sure, in other cases plaintiffs have properly pleaded a breach of contract claim resulting from a loan servicer's alleged failures. For example, in *Squire v. Virginia Housing Development Authority*, cited in the Complaint, the borrower defaulted on her mortgage, entered into a special forbearance agreement, and made the monthly payments owed. 287 Va. 507, 512, 758 S.E.2d 55, 58 (Va. 2014). The lender returned the last payment, informed her that the loan was in foreclosure, completed a foreclosure, and the property was sold to a third party. *Id.* In the complaint, the borrower alleged that "she offered to pay the delinquent amount" prior to the foreclosure, *id*. at 529, and made several telephone calls inquiring about how to get the loan reinstated because she had the funds available in her savings account that could be used to cure the arrearage and to have the loan reinstated, *id.* at 529. The Supreme Court of Virginia held that the "facts she pled and the damage that she alleged from the failure to conduct a face-to-face meeting" were sufficient to state a claim against the lender. *Id. at 518.*

Unlike *Squire*, there are no allegations in the Complaint that the Plaintiffs made any effort to cure their admitted default. *See generally,* Compl. In fact, Plaintiffs fail to allege any facts whatsoever pertaining to the status of their loan, their post-default efforts, or amounts they could have proffered to pay their arrears. *See generally,* Compl. These factual omissions distinguish this case from *Squire,* where*,* as noted in the concurring opinion, it could be reasonably inferred that because the borrower "had money with which to reinstate the loan and offered to pay it," had the lender "complied with the Regulation and met her face-to-face, she

8

might have been able to pay the amount required, or at least learn how much it was." *Squire*, 287 Va. at 529. Here, Plaintiffs fail to plead any allegations pertaining to causation of damages. That failure requires dismissal of the breach of contract claim.

**III.** **Plaintiffs are not entitled to after-the-fact declaratory relief for a concluded foreclosure.**

Plaintiffs' request for a declaratory judgment should be summarily dismissed because retroactive relief is not available through a declaratory judgment.

The Declaratory Judgment act, codified at 28 U.S.C. § 2201, authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Under the Act, "[a]ny such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.* Thus, the Act "gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2751 (3d ed. 1998).

"[A] declaratory judgment is an inherently forward-looking mechanism, intended to guide parties' behavior in the future." *Hammett v. Deutsche Bank Nat'l Co.,* Civ. A. No. 1:09cv1401, 2010 U.S. Dist. LEXIS 29090, at *17-18 (E.D. Va. Mar. 25, 2010) (citations omitted); *Merino v. EMC Mortg. Corp.*, Civ. A. No. 1:09cv1121, 2010 U.S. Dist. LEXIS 26539, at *14-15 (E.D. Va. Mar. 19, 2010) (granting motion to dismiss declaratory judgment claim because home was already foreclosed upon); *see also Yowell v. Residential Mortg. Solution, LLC*, Civ. A. No. 3:10-CV-00063, 2011 U.S. Dist. LEXIS 91699, at *21 (W.D. Va. Aug. 17, 2011) (quoting *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F. Supp. 2d 714, 719 (W.D. Va.

9

2011) (in holding that "declaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation"). "Such relief is unavailable in situations where . . . 'claims and rights asserted have fully matured, and the alleged wrongs have already been suffered.'" *Id.* (quoting *Trull v. Smolka*, 2008 U.S. Dist. LEXIS 70233, at *24 (E.D. Va. Sept. 18, 2008) and *Bd. of Supervisors v. Hylton Enters*, 216 Va. 582, 221 S.E.2d 534, 537 (1976)).

Plaintiffs' request a declaratory judgment for a foreclosure sale that already occurred. Compl. ¶¶ 29-30. The specific declaratory relief sought by Plaintiffs, namely an order declaring "that the foreclosure sale was void or in the alternative voidable" Compl. ¶ 46, is unavailable to Plaintiffs because the foreclosure sale [was] completed before Plaintiffs filed the Complaint.

Declaratory relief must be sought at a stage in the case when the alleged wrong has not yet occurred. It is well established that when the foreclosure sale for a borrower's residence is concluded, the borrower cannot receive declaratory relief. *See Hammett,* 2010 U.S. Dist. LEXIS 29090, at *17-18 (granting motion to dismiss complaint seeking declaratory judgment because foreclosure already occurred); *see also Horvath v. Bank of N.Y., N.A.*, Civ. A. No. 1:09cv1129, 2010 U.S. Dist. LEXIS 19965, at *3-4 (E.D. Va. Jan. 29, 2010) (granting motion to dismiss declaratory judgment claim that foreclosure sale was void because foreclosure sale had already occurred); *Estrella v. Wells Fargo Bank, N.A.*, Civ. A. No. 2:11cv414, 2011 U.S. Dist. LEXIS 148778, at *17 (E.D. Va. Dec. 28, 2011) (grating motion to dismiss declaratory judgment claim on the grounds that the foreclosure sale already occurred).

Plaintiffs' request for a post-foreclosure declaratory judgment fails, and therefore the Court should dismiss this claim for relief.

**CONCLUSION**

For these reasons, Defendant Bank of America, N.A. respectfully asks this Court to grant this Motion to Dismiss.

Date: March 6, 2014

Respectfully submitted,

    /s/ Brian E. Pumphrey
Brian E. Pumphrey (VSB No. 47312)
Matthew A. Fitzgerald (VSB No. 76725)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Tel. 804.775.1000
804.775.1061 (Direct FAX)
bpumphrey@mcguirewoods.com
mfitzgerald@mcguirewoods.com

Robert W. McFarland (VSB No. 24021)
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, Virginia 23510-1655
Tel. 757.640.3716
757.640.3966 (Direct FAX)
rmcfarland@mcguirewoods.com

Jodie N. Herrmann (VSB No. 73035)
McGuireWoods LLP
Fifth Third Center
201 North Tryon Street
Suite 3000
Charlotte, North Carolina 28202
Tel. 704.343.2329
704.444.8785 (Direct FAX)
jherrmann@mcguirewoods.com

*Counsel for Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2015 copies of the foregoing Memorandum was electronically filed and served through the CM/ECF system on the following counsel of record:

Kristi Cahoon Kelly (VSB #72791)
Andrew J. Guzzo (VSB #82170)
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

Leonard Anthony Bennett, Esq. (VSB #37523)
Susan Mary Rotkis, Esq. (VSB #40693)
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com

Matthew J. Erausquin, VSB #65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
703-273-7770
Fax: 888-892-3512
Email: matt@clalegal.com

*Counsel for Plaintiffs*

                                            /s/ Brian E. Pumphrey
                                Brian E. Pumphrey (VSB No. 47312)
                                McGuireWoods LLP
                                One James Center
                                901 East Cary Street
                                Richmond, Virginia 23219
                                Tel. 804.775.1000
                                804.775.1061 (Direct FAX)
                                bpumphrey@mcguirewoods.com
                                *Counsel for Defendant Bank of America, N.A.*